

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XX☒☒☒☒☒☒☒☒☒☒☒
ATTORNEY GENERAL

Mr. J. B. Stevenson
Assistant County Attorney
Kimble County
Junction, Texas

Dear Sir:

Opinion No. O-6296

Re: Under the provisions of
Article 1269h, Revised Civil
Statutes, do the engineers,
under an order from the
County Judge of Kimble County
have authority to enter on
the premises in question in
order to make a preliminary
survey on the proposed air
port? And another question.

We are in receipt of your request dated November 24, 1944, for an opinion of this department on the following two questions:

"A. On September 2nd. 1944 by order of the Commissioners Court of Kimble County, Texas an election was held in Kimble County for the purpose of determining whether or not bonds should be issued for the purpose of building, maintaining and operating an air port in Kimble County. The election returns show that 629 votes were cast for the issuance of bond and 96 votes against. On September 11th. 1944 the Commissioners Court passed an order authorizing the issuance of the bonds and on October 31st. 1944, the Commissioners Court contracted with an engineering firm to make a field investigation and to prepare a proper survey outlining the location and boundaries of the site for an air port on the Frank Baker land and describes the land as lying northerly and across the river from the city of Junction. This same contract of course contains many other clauses, one of which authorize the County Judge to issue instructions to the engineers and to approve their acts under the contract. The engineers made an attempt to make a preliminary survey on this proposed site and was prevented from doing so by an agent of the owner. Now what I would like to know is whether or not under the provisions of Article 1269h R.C.S. the engineers under an order from the County Judge have authority to enter these premises escorted by a peace officer in order to make a preliminary survey to determine whether or not the site is suitable for an air port, and whether or not any person or persons interfering with the engineers making said survey would have any cause of action against the Commissioners Court or County because of the fact that a peace officer of the county resisted their interference.

"B. Whether or not the owner or his agent would have any right to forceably interfere with said preliminary survey or would said owner or his agent be guilty of a penal offense under the law."

The pertinent part of Article 1269h reads as follows:

"Section 1. A-That the governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire, by purchase without condemnation or by purchase through condemnation proceedings, and thereafter maintain and operate as an airport , or lease, or sell, to the Federal Government, tracts of land either within or without the corporate limits of such city and within the county in which such city is situated, and the Commissioners' Court of any county may likewise acquire, maintain and operate for like purpose tracts of land within the limits of the county. * * * "

In answering the questions, we think it best to first answer the question as to whether a governmental agency, clothed with the power of eminent domain, has the implied authority to make a preliminary survey so that said governmental agency may know exactly the real estate it will need to purchase or condemn.

Article 3269 under Title 52 of the Revised Civil Statutes, relating to the subject of eminent domain reads as follows:

"When any person, or corporation, or district, or association of persons having the right of eminent domain are sued for property or for damages to property occupied by them or it for the purpose for which it or they have the right to exercise such power, or when a suit is brought for an injunction to prevent them or it form going upon such property or making use thereof for such purposes, the Court in which such suit is pending may determine the matters in dispute between the parties, including the condemnation of property and assessment of damages, upon petition or cross-bill asking such remedy by defendant, and such petition or cross-bill asking such relief shall not be an admission of the plaintiff's title to such property, and in such event the condemnor may assert his or its claim to such property and ask in the alternative to condemn the same if he or it fails to establish such claim; and provided that, if injunctive relief be sought, the Court may grant such relief under the Statutes and Rules of Equity or may, as a prerequisite for denying such relief, require defendant to give such security as the Court may deem proper for the payment of any damages that may be assessed on defendant's cross-bill for condemnation." (Emphasis supplied)

You will notice that the statute grants authority to the courts to grant "such relief under the Statutes and Rules of Equity." Since the County Commissioners' Court does not have express statutory authority to make preliminary surveys, we think that the Legislature contemplated the necessity of granting equitable relief in some circumstances not expressly

covered by the statutes. This is further evidenced by said article when the statute states: "when any person * * * having the right of eminent domain are sued for property * * * or when a suit is brought for an injunction to prevent them or it from going upon such property or making use thereof for such purpose. Construing the statute as a whole, the Legislature gave equitable relief by injunction to persons having the right of eminent domain if anyone prevented them from going upon the property. In other words, the Legislature gave equitable relief to persons having the right of eminent domain as well as to persons using the right of eminent domain.

The text writers sustain the proposition that an agency having the authority of eminent domain also have the implied authority to make preliminary surveys.

"A momentary entry for the purpose of a survey is not however a taking, and may be authorized without compensation whether the survey is preliminary to some public work or is for any other public purpose, but a right to enter upon private land for the purpose of cutting down trees or of diverting water cannot be acquired without the payment of compensation. " Nichols on Eminent Domain, 2nd Ed., p. 310.

" All such entries, however, are limited by the necessities of the case and must be made with the least possible injury, and continued for only a reasonable time. A somewhat similar necessity justifies an entry on private property for the purpose of making preliminary surveys. Unless this was allowable it would be almost impossible to construct a public work, such as a railway or canal. It has accordingly been held that an entry for preliminary surveys is not a taking, but may be justified on the ground of necessity. Such an entry has been held not to be a taking for which compensation must be first made. If possession be continued an unreasonable time, or any unnecessary damage is done, the persons making or authorizing the entry become trespassers ab initio." Lewis Eminent Domain, 3rd Ed., p. 433.

In Byrd Irrigation Company v. Smythe, 146 S.W. 1064, the court had before it an application for an injunction to enjoin a land owner from "interfering with such persons while making such inspection, examination or survey, under penalty of being held in contempt of this court." The Irrigation Company requested the injunction for the purpose of allowing certain persons to go upon the land and inspect the same so that they in turn could testify as to the value of the land. The Court had already held a hearing as to the value and had fixed the value of the land. The Court of Civil Appeals denied the application on the ground that the Irrigation Company had every access to the land for approximately a year for the purpose of making a preliminary survey to determine the best location for the proposed improvements and held that the Court nor the statute involved authorized the Irrigation Company to make an inspection for the purpose of attempting to reduce the value of the land. We refer to this case since it is the only Texas case we have been able to find discussing the question involved here. We quote from said case as follows:

" * * * Without entering into any extended discussion of the power of a court to grant an order of inspection, it may be stated that it has become common in the last few years for courts to grant orders for the inspection of property where it is shown to be necessary for a proper exercise of judicial functions, and the attainment of justice, whether exercised by virtue of an express statute to that effect, or by virtue of that power ancillary to the exercise of the duties of a court of equity. * * * "

29 Corpus Juris Secundum, page 1179, sustains the proposition that any agency having the authority of eminent domain also has the implied authority to make a preliminary survey before entering condemnation proceedings. The proposition is stated as follows:

"RIGHT OF ENTRY FOR PURPOSE OF SURVEY. It has been stated broadly that the right of entry on property, in good faith, for the purpose of making a preliminary survey and investigation with the view of condemnation is a necessary incident of the right to condemn, and the right to enter for preliminary survey and examination, cofferred by some statutes, has been regarded as a right necessarily incident and preliminary to authorized proceedings to condemn."

The best authority on the proposition is by the Court of Appeals of Kentucky in the case of Thomas v. City of Horse Cave, 61 S.W. (2d) 601,604. In this opinion the Court sustained the right of the city to make a preliminary survey as an ancillary to condemn land for a city waterworks. The statutes of Kentucky did not grant an express authority to make the preliminary survey. We quote from the opinion as follows:

"Lastly, it is insisted for appellant that appellee has no right or authority to enter upon and explore land with the view of condemnation purposes before the actual institution on such condemnation proceedings. Counsel do not cite us to any authority, nor we know of none, conferring upon an individual holder of a franchise the right of preliminary survey and examination as an incident or right precedent to the institution of condemnation proceedings, but the trend of authorities is to the effect that all corporations or persons possessed of the right of eminent domain are in vested with the right and authority to enter upon private property for the purpose of acquiring such property as may be necessary in the exercise of its franchise right.

"In the case of Ward v. Toledo, N. & C. R. Co., 1 Ohio Dec. (Reprint) 553, the court said: 'The legislature, it is conceded may impart to the railroad company the right of eminent domain upon and over the lands of this state, for the purpose of public improvements. The right of survey and examination is an incident of the right of appropriation, and necessary to its proper exercise. It is not known how a company could very well determine upon the right of appropriating the soil upon which to construct its road, unless it has the prior right of examination for that purpose.'

"To the same effect is the case of Litchfield v. Bond, 186 N. Y. 66, 78 N. E. 719. In Fox v. Western R. R. Co., 31 Cal. 538, the court said: 'If a railroad is to be constructed, a survey must be made before the corporation can determine the precise land which will be required; and the corporation may lawfully enter for that purpose and may lawfully do what would otherwise be a trespass.' The same rule is adhered to and reiterated in 20 C. J. 680, 51 C. J. 494; Kincaid v. United States (D. C.) 35 F. (2d) 235,247.

"Railroad companies and other holders of special privileges being invested with this right, we conceive of no reason why the same rule should not apply to all corporations, associations, person or persons invested with the power of eminent domain. The basic question is the right of a holder of a franchise to acquire by condemnation, if necessary, such property as may be necessary for the effective operation of the franchise. Before the institution of condemnation proceedings it is necessary that the exact location, amount, and description of the property sought to be condemned, be definitely ascertained, and in such circumstances, if these preliminary steps be denied, it would at least be difficult, if not impossible, to successfully carry out such condemnation proceedings. We do not conceive that the Legislature intended to make a useless gesture by granting a privilege without any power, expressed or implied, to carry such privilege into effect and operation.

"In view of the authorities herein cited and what has been said, it follows that the right of entry upon property, in good faith, for the purpose of making a preliminary survey and investigation with the view of condemnation, is a necessary right and incident preliminary of the right precedent to condemnation."

See also Lynn v. Green Bay & Minn. Ry. Co., 42 Wis. 538, 544; N. O. & S. Ry. Co. v. Jones, 68 Ala. 48, 53; The Montana Company v. St. Louis M. & N., 152 U. S. 160.

The Supreme Court of Texas in Terrell v. Sparks, 135 S. W. 521, in discussing the necessary implication in the construction of powers, stated:

"Whenever a power is given by statute, everything necessary to make it effectual or requisite to attain the end is implied. It is a well-established principle that statutes containing grants of power are to be construed so as to include the authority to do all things necessary to accomplish the object of the grant. The grant of an express power carries with it by necessary implication every other power necessary and proper to the execution of the power expressly granted. Where the law commands anything to be done, it authorizes the performance of whatever may be necessary for executing its commands."

Considering the statutes and the authorities above cited, we are of the opinion that the County Commissioners' Court of Kimble County,

has the authority to make a preliminary survey for the purpose of determining the land most suitable for the establishment of a county airport.

In your first question you also request "to know whether or not under the provisions of Article 1269h, Revised  Civil Statutes, the engineers under an order of the County Judge have authority to enter these premises escorted by a peace officer." Section 4 of Motions and Orders in 29 Texas Jurisprudence, defines an "order" as follows:

"While the word 'order' is frequently used as a synonym for 'judgment' it is usually employed in a more restricted sense. Within the terms of the narrower usage, an order may be defined as a command, direction, or decision of a court or judge on some collateral or intermediate point in a case, not determinative of the main issue. It is sometimes denominated a 'rule.' While an order is frequently the result or consequence of a motion made and presented by one of the parties to a suit, this is not always the case; in many situations, a court may make an order on its own motion, without any request by a litigant. An ex parte order is one made upon the application of only one of the parties to an action or proceeding, without notice to the other.

"An order, like a judgment may be either final or interlocutory, depending upon whether it disposes of the matter or point in question or leaves it open for further action. Thus, an order refusing to revoke an order entered at a previous term is a final order, while an order for the preservation of property under the control of the court during the pendency of a suit is interlocutory.

"An order to show cause (or a rule nisi as it is also called) is one made ex parte, directing a litigant to show cause why it should not be made absolute, and it becomes absolute in the event that no such cause is shown; it is in the nature of a notice, requiring the party's appearance in court."

It is, therefore, the opinion of this department that the instrument you refer to in your question as an "order" cannot in any manner be considered as an order of the County Court of Kimble County, since there is no relative pending case in said court. Such an instrument is merely an identification showing that the engineers are authorized agents of the county.

If a land owner or the agent of a land owner should interfere, or threaten to interfere, with the agent of Kimble County in making a preliminary survey, we think the proper procedure would be for Kimble County to file a petition for injunctive relief in a court of competent jurisdiction.

Having answered the main question in your request, and suggesting  the proper procedure to be followed, we do not deem it necessary

Mr. J. B. Stevenson, page 7                    O-6296


to answer the other questions in your letter.


                              Yours very truly

                          ATTORNEY GENERAL OF TEXAS



                          By   s/R. J. Long
                                    R. J. Long
                                    Assistant

RJL:EP:wc
APPROVED MARCH 23, 1945

Carlos C. Ashley/s

FIRST ASSISTANT
ATTORNEY GENERAL


This Opinion Considered and Approved in Limited Conference